Mark Hanna
MURPHY ANDERSON PLLC
1401 K Street NW, Suite 300
Washington, DC 20006
Tel. (202) 223-2620
Fax (202) 296-9600

Attorneys for Plaintiff
Board of Trustees

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
BOARD OF TRUSTEES of the LOCAL         :
464a UNITED FOOD & COMMERCIAL          :
WORKERS UNION PENSION FUND             :       Case No.
245 Paterson Avenue                    :
Little Falls, NJ  07424                :
                                       :
            Plaintiff,                 :
                                       :       **COMPLAINT**
   v.                                  :
                                       :
DAULTON BANKS                          :
96 Harrison Place                      :
Irvington, NJ 07111                    :
                                       :
            Defendant.                 :
_____:

COMES NOW the BOARD OF TRUSTEES of the LOCAL 464A UNITED FOOD & COMMERCIAL WORKERS UNION PENSION FUND ("the Fund"), and alleges as follows:

## The Parties

1. Plaintiff is the Board of Trustees of the Fund, and it brings this lawsuit as a fiduciary on behalf of the Fund to collect unlawfully obtained pension benefits, pursuant to 29 U.S.C. § 1132(a)(3), and to recover damages and other relief from Defendant for making fraudulent statements and representations to the Fund.

2. The Fund is a joint labor-management-sponsored trust fund authorized by the Labor Management Relations Act, 29 U.S.C. § 186(c)(5) (commonly known as a "Taft-Hartley Fund"), as well as a pension fund within the meaning of ERISA, 29 U.S.C. § 1002(2), established to provide pension benefits to eligible participants and their beneficiaries.

3. Daulton Banks is a New Jersey resident.

## Jurisdiction and Venue

4. The Court has exclusive jurisdiction over Plaintiff's ERISA claim pursuant to Section 502(e) of ERISA, 29 U.S.C. § 1132(e)(1) because this action is brought pursuant to the civil enforcement provisions of ERISA, specifically 29 U.S.C. § 1132(a)(3). The Court has pendent jurisdiction over Plaintiff's state common law fraud claim under 28 U.S.C. § 1367.

5.	Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), because the Fund is headquartered and administered out of offices located at 245 Paterson Avenue, Little Falls, New Jersey, and defendant resides in New Jersey.

**Relevant Terms of the Pension Plan**

6.	The Board of Trustees of the Fund administers the Fund in accordance with the terms of the plan document.

7.	At all relevant times, Plaintiff was the fiduciary who maintained discretionary authority to determine eligibility for benefits and to construe the terms of the plan.

8.	Section 6.01 of the plan provides, "pension benefits shall be payable monthly and shall commence on the first day of the month following fulfillment of all applicable conditions for entitlement to payment of benefits and will continue until such Participant's date of death or the Qualified Spouse's date of death, whichever is later."

9.	Section 10.16 of the plan provides, "The Plan has the right to recover any mistaken payment, overpayment, or any payment made to any individual who was not eligible for that payment ("Overpayment"). Any Overpayment creates a lien by agreement, and the Plan, or its designee, may withhold or offset future benefit payments, sue to recover any Overpayment, or may use any other lawful remedy to recoup any Overpayment."

## **Defendant's Unlawful Receipt of Pension Benefits**

10. Mattie Banks was a retiree who was receiving monthly pension benefits from the Fund through direct deposit into her bank account. Ms. Banks died on February 13, 2016. However, her death was never reported to the Fund.

11. Ms. Banks did not leave a Qualified Spouse, as defined by the plan document. Accordingly, her pension benefits were to cease upon her death.

12. Each year, the Fund requires that all recipients of Pension Benefits file an affidavit with the Fund. The affidavit verifies the recipient's mailing address and marital status. It requires the recipient's notarized signature.

13. In 2018 and 2019, the Fund received notarized affidavits representing that Ms. Banks was living. The affidavits were fraudulently completed and mailed to the Fund by Defendant.

14. In or about September 2019, the Fund received a phone call from Reginald Banks, the decedent's son. Reginald informed the Fund that his mother, Ms. Banks, died in 2016 and that he believed his brother, Daulton Banks, had access to Ms. Banks' bank account and was using the monthly pension payments that the Fund had mistakenly continued after Ms. Banks' death for his own personal use.

15. Upon learning this information, the Fund stopped Ms. Banks' monthly pension payments on or about September 25, 2019, pursuant to the terms of the plan.

16. Thereafter, the Fund received a phone call inquiring why Ms. Banks' monthly pension payments had stopped. The Fund requested to speak with Ms. Banks. The caller informed the Fund that Ms. Banks was sick and not available to come to the phone.

17. Defendant improperly received Ms. Banks' monthly pension benefits from the date of her death through September 2019, in the amount of $53,823.10.

18. The pension benefits unlawfully received by Defendant are held in or traceable to Ms. Banks' J.P. Morgan Chase bank account, as identified and described in the Fund's records.

19. On or about October 11, 2019, the Fund's counsel sent a letter to Defendant demanding recoupment of the unlawfully obtain pension payments.

20. Thereafter, the Fund's counsel received a phone call from Daulton Banks asserting that his brother, Reginald—who reported Ms. Banks' death to the Fund—had stolen Daulton's identity and was the true recipient of Ms. Banks' pension benefits.

## COUNT I
## CLAIM FOR EQUITABLE RELIEF PURSUANT TO ERISA § 502(a)(3)
## [29 U.S.C. § 1132(a)(3)]

21. Plaintiff incorporates by reference the previous paragraphs as though set forth herein in full.

22. Plaintiff is a fiduciary, as defined by ERISA, and has standing under Section 502 of ERISA, 29 U.S.C. § 1132.

23. Under the terms of the plan, Defendant was not entitled to receive or retain pension benefits from the Fund.

24. Under the terms of the plan, the Fund has an equitable lien by agreement against pension benefits in the amount of $53,823.10, representing the pension benefits unlawfully received by Defendant.

25. Pursuant to 29 U.S.C. § 1132(a)(3), the Fund is entitled to "appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

26. The Court should award equitable relief to Plaintiff, including but not limited to equitable restitution in the amount of $53,823.10.

## COUNT II
### Common Law Fraud

27. Plaintiff incorporates by reference the previous paragraphs as though set forth herein in full.

28. Defendant misrepresented that Ms. Banks was living after her death on February 13, 2016, by submitting to the Fund notarized verification forms in 2018 and 2019. Whether Ms. Banks is living or dead is a material fact in the Fund's determination to pay pension benefits.

29. Defendant had knowledge of Ms. Banks' death at the time they represented to the Fund that she was living.

30. Defendant intended for the Fund to rely on their misrepresented assertion that Ms. Banks was living in order to continue to receive Ms. Banks' pension benefits.

31. The Fund, in fact, relied upon Defendant's misrepresentation in continuing to issue Ms. Banks' pension benefit payments via direct deposit through September 2019.

32. As a result of Defendant's misrepresentation, the Fund suffered actual damages in the amount of $53,823.10.

33. The Court should grant damages in the amount of $53,823.10 plus interest and any other relief the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Order declaratory and injunctive relief as necessary and appropriate, including enjoining Defendant from further violating the terms of the plan.

2. Declare the rights of Plaintiff to restitution in the amount of $53,823.10;

3. Enter judgment ordering Defendant to pay restitution in the amount of $53,823.10;

4. Award Plaintiff reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g);

5. Enter judgment against Defendant for fraud;

6. Award Plaintiff damages in the amount of $53,823.10;

7. Award pre-judgment and post-judgment interest; and

8. Order any and all such relief as the Court deems just and proper.

Dated: November 21, 2019                                       Respectfully submitted,


                                                               s/ *Mark Hanna*
                                                               Mark Hanna
                                                               MURPHY ANDERSON PLLC
                                                               1401 K Street NW, Suite 300
                                                               Washington, DC 20006
                                                               Tel. (202) 223-2620
                                                               Fax (202) 296-9600

                                                               Attorneys for Plaintiff
                                                               Board of Trustees